# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JEREMY JOHN KIEFFER,

      Defendant.

No. 18-CR-1027 CJW-MAR

**ORDER**

_____

This matter is before the Court on defendant Jeremy Kieffer's pro se motion for compassionate release based on the ongoing COVID-19 pandemic. (Doc. 121).

## I.   BACKGROUND

On March 6, 2019, the Court sentenced defendant to 165 months' incarceration, with five years of supervised release to follow, on one count of conspiracy to distribute methamphetamine. (Doc. 72). He is currently incarcerated at FCI Greenville, in Greenville, Illinois, with an estimated release date of April 2, 2030.

In his motion, defendant, who is 36 years old, asks to be granted compassionate release due to the COVID-19 pandemic. (Doc. 121).

## II.   COMPASSIONATE RELEASE

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the

extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has failed to allege that 30 days have passed since he submitted a request for compassionate release to the warden at his facility or that he has fully exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf.

The Court cannot excuse defendant's failure to exhaust administrative remedies because of the COVID-19 pandemic. Most courts to weigh in on this issue found that a court cannot entertain a compassionate release motion unless a defendant has exhausted administrative remedies—even in light of the COVID-19 pandemic. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020); *United States v. Hofmeister*, No. 5:16-13-KKC, 2020 WL 1811365, at * 1 (E.D. Ky. Apr. 9, 2020); *United States v. Carter*, No. 1:18-cr-00086-JMS-DML, 2020 WL 1808288, at *1 (S.D. Ind. Apr. 9, 2020); *United States v. Aguila*, No. 2:16-cr-00046-TLN, 2020 WL 1812159, at *1 (E.D. Ca. Apr. 9, 2020); *United States v. Epstein*, No. 14-287 (FLW), 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *United States v. Epstein*, No. 14-287 (FLW), 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Holden*, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020); *United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020); *United States v. Zywotko*, No. 2-19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020). *But see United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *2 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement based on Second Circuit precedent and granting request for compassionate release based on COVID-19 pandemic). If defendant wants the Court to consider his compassionate release request, he must refile his motion once he exhausts administrative remedies as outlined in 18 U.S.C. § 3582(c)(1)(A).

2

However, at this juncture, the Court would deny defendant's compassionate release request even if it could consider the motion on its merits because he does not come close to demonstrating extraordinary and compelling reasons to justify his early release. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant cites only to a general fear of infection given his status as a prisoner, which falls far short of the showing necessary to justify compassionate release. *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Ca. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria or extraordinary and compelling reasons . . ..").  Defendant does not allege that the BOP is unable to take measures to minimize his risk of exposure, he does not allege any health issues,[1] and there are no confirmed COVID-19 cases at his facility.[2]  Finally the Court notes that because defendant was only recently sentenced, the Court is unlikely to grant a motion for compassionate release because the 18 U.S.C. § 3553(a) calculation is the same as it was when the Court sentenced defendant on March 6, 2019.

### III. CARES ACT RECOMMENDATION

The Court will also consider defendant's request for release to home confinement. District courts do not have the power to release an inmate to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act. *See* Pub. L. No. 116-136, § 12003(b)(2) (2020). The Second Chance Act of 2007 (SCA) was amended and reauthorized in 2018 by the First Step Act (FSA). Under the SCA, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA directs the BOP, to the extent practicable, to "place prisoners with lower risk levels and lower

---

[1] The presentence investigation reports that defendant does not suffer from any serious health issues.  (Doc. 60).

[2] *COVID-19 Coronavirus*, Federal Bureau of Prisons,  https://www.bop.gov/coronavirus/ (last visited May 27, 2020).

needs on home confinement for the maximum of time permitted." *Id.* The CARES Act provides that if the Attorney General finds that the COVID-19 pandemic will materially affect the functioning of the BOP, then the director of the BOP "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, § 12003(b)(2). The Attorney General has made such a finding.[3] Accordingly, under the SCA and the CARES Act, the Attorney General, and by delegation the BOP, has the discretion and exclusive authority to designate the placement of an inmate's confinement, including an extended period of home confinement due to the COVID-19 pandemic. *See United States v. Chevchuc,* No. 16-CR-2056 LTS, Doc. 50 (N.D. Iowa April 15, 2020) (discussing the standards related to the SCA and the CARES Act).

At most, a court may recommend to the BOP that an inmate be placed on home confinement. *See* 18 U.S.C. § 3621(b) and *United States v. Gocha*, 07-CR-2006 LTS, Doc. 204 (N.D. Iowa Mar. 26, 2019) (recommending defendant be placed in a residential reentry center for the maximum time allowed); *see also United States v. Doshi*, 13-CR-20349, 2020 WL 1527186, at *2 (E.D. Mich. Mar. 31, 2020) (granting defendant's motion for judicial recommendation for home confinement); *United States v. Knox*, No. 15 Cr. 445 (PAE), 2020 WL 1487272, at *2 (S.D.N.Y. Mar. 27, 2020) (same). For the reasons stated above, defendant has failed to allege sufficient facts which would justify recommending his release to home confinement.

---

[3] The Attorney General made this finding on April 3, 2020. *See* William Barr, *Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.bop.gov/coronavirus/docs/bop_memo-_home_confinement_april3.pdf.

## IV. CONCLUSION

For the reasons set out above:

1. Defendant's motion for compassionate release (Doc. 121) is **denied**.

2. Defendant's request that the Court recommend home confinement is **denied**.

**IT IS SO ORDERED** this 29th day of May, 2020.

_____

C.J. Williams
United States District Judge
Northern District of Iowa