# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 18-CR-1027-CJW-MAR |
| vs. | | **ORDER** |
| JEREMY KIEFFER, | | |
| Defendant. | | |

_____

This matter is before the Court on defendant's pro se motion for compassionate release based on the ongoing COVID-19 pandemic. (Doc. 167). Defendant argues the Court should reduce his sentence by 14 months because of the "harsh conditions" imposed by the Bureau of Prisons ("BOP") at his facility in efforts to address the COVID-19 pandemic. (*Id.*, at 2). For the following reasons, the Court **denies** defendant's motion.

## I.      BACKGROUND

On March 7, 2019, the Court sentenced defendant to 165 months' imprisonment followed by five years on supervised release on one count of conspiring to distribute methamphetamine after a felony drug conviction. (Doc. 72). Defendant did not appeal his conviction or sentence, and did not file a post-conviction petition. Defendant is currently incarcerated at Sandstone FCI with an estimated release date of November 26, 2027.[1]

## II.      COMPASSIONATE RELEASE STANDARD

The term "compassionate release" refers to Title 18, United States Code, Section 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence

---

[1] *Find an Inmate*, BOP, https://www.bop.gov/inmateloc.

reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

### III.   ANALYSIS

Defendant claims to have exhausted his administrative remedies. (Doc. 167, at 7). Defendant included documentation showing as much, (*Id.*, at 1), and so the Court will proceed to the merits of defendant's motion.

Defendant does not allege to have medical conditions making him more likely to suffer death or serious health problems as a result of contracting COVID-19; indeed, he alleges he has contracted the virus already apparently without serious consequences. (*Id.*, at 5). Rather, defendant's motion turns entirely on what he describes as the harsh conditions imposed at Sandstone FCI in an effort to protect the staff and inmates at that facility. Defendant alleges that these harsh conditions include limits on fresh air and exercise, rehabilitative programs, inhumane housing, inability to attend to spiritual needs, and no visitation. (*Id.*, at 9-11). For purposes of this motion, the Court will assume as true the allegations defendant has made about the conditions at Sandstone FCI. Defendant does not allege that these harsh conditions rise to the level of a constitutional violation. Rather, he asserts that the Court should reduce his sentence by 14 months to compensate him for enduring these harsh conditions. (*Id.*, at 3).

Although some courts have considered the harsh conditions of confinement during the pandemic in ruling on inmates' motions for compassionate release, others have not. These other courts have found that harsh conditions of imprisonment occasioned by the

2

COVID-19 pandemic are not, without more, sufficiently "extraordinary and compelling" to warrant compassionate release. *See, e.g.*, *United States v. Padilla*, No. 18 Cr. 454-6 (KPF), 2020 WL 3958790, at *1 (S.D.N.Y. July 13, 2020) (denying motion for compassionate release while recognizing that petitioner had "identified sub-optimal conditions of confinement at FCI Elkton during the pandemic"); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y 2020) (finding the harsh conditions of incarceration during the pandemic would be insufficient on its own to constitute extraordinary and compelling reasons for sentence reduction). Here, the Court finds that the harsh conditions defendant and every other inmate has endured during the pandemic, standing alone, is insufficient to constitute extraordinary and compelling grounds to warrant a grant of compassionate release.

To the extent defendant's motion also expresses a general fear about the COVID-19 virus and the potential for an outbreak within his facility, that argument also is insufficient. Defendant's likelihood of COVID-19 re-infection and the potential severity of such a re-infection are not great.[2] Over the course of the pandemic, the BOP has become increasingly adept at managing the spread of the disease. The increased availability and implementation of effective vaccines further blunts the threat to an inmate posed by COVID-19. The specter of COVID-19 that looms over the BOP is merely a shadow of the danger it posed even twelve months ago. A general fear of COVID-19 alone does not warrant release. *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Defendant's motion must therefore be denied.

Even if the Court found that defendant had presented an extraordinary and compelling reason for release, the Court would still deny release under the Section 3553(a) factors. The offense conduct underlying defendant's crime of conviction

---

[2] *See Reinfection with COVID-19*, CDC (Aug. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

involved him in distributing many kilograms of methamphetamine after he had already been convicted of a felony drug offense. (Doc. 64, at 4-9). Defendant's criminal history was also extensive and serious. He had nine adult convictions, resulting in 5 criminal history points. (*Id.*, at 11-13). Defendant committed the federal offense while on probation for a prior offense. (*Id.*, at 15). This placed him in criminal history category IV. (*Id.*). Defendant committed several of his offenses while on probation or parole, and repeatedly violated his probation and parole in other ways as well. (*Id.*, at 11-13). Defendant has exhibited a clear pattern of repeat criminal conduct that shows that he is likely to reoffend and pose a danger to the community.

Defendant has currently served a little more than two years of a thirteen-year sentence. Reducing defendant's sentence now would fail to achieve the goals of sentencing and cause defendant's sentence to be disparate from other, similarly situated defendants. *See United States v. Lizarraga*, No. 15-CR-2027-CJW-MAR, 2020 WL 7346036, at *6 (N.D. Iowa Dec. 14, 2020) ("The Court has often turned to the remainder of a defendant's term of imprisonment . . . as reflecting many of the goals of Section 3553(a)[.]") (citation omitted). Such a reduction would fail to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, deter defendant and others, and protect the community.

## IV. CONCLUSION

For these reasons, defendant's motion for compassionate release (Doc. 167) is **denied**.

**IT IS SO ORDERED** this 8th day of November, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

4